O/JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV04-121DOC(MLGx)                                                               Date: October 7, 2008

Title: Melody Price v. Household International Group Insurance Plan; Household International Inc.; Unum Life Insurance Company of America

DOCKET ENTRY
       [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                 Date:_____  Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kristee Hopkins                                         Not Present
   Courtroom Clerk                                         Court Reporter

ATTORNEYS PRESENT FOR PlaintiffS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                              NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AND FOR RELIEF FROM FINAL ORDER

       Before the Court is Plaintiff Melody Price's motion for a new trial and for relief from a final order. The Court finds that the matter is appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court DENIES the motion.

**I. BACKGROUND**

       Plaintiff Melody Price ("Price") is an Orange County resident who was actively employed by Household International Inc. ("Household") in Lake Forest, CA for several years. Plaintiff was covered by an employee benefit plan (defendant "Plan") which provided long term disability benefits under a group insurance policy covered under ERISA. Defendant Household is an administrator of the policy. Unum Life Insurance Company of America ("Unum") is a Maine corporation that was

responsible for providing benefits under the provisions of the policy and is named as the Plan Administrator.

Around May 21, 2002, Price ceased active employment at Household due to her medical impairments. Plaintiff thereupon filed a claim with defendant Unum for short-term disability benefits under the policy and Unum approved the benefits on June 4, 2002. Plaintiff also applied for long term disability benefits, but Unum notified Plaintiff on December 17, 2002 that the claim was denied, stating that Plaintiff did not satisfy the definition of disability for the first 12 month period of long term disability benefits under the Plan.

After Price appealed and presented additional evidence, Unum reaffirmed its denial decision on July 18, 2003 and November 10, 2003. On February 2, 2004 Plaintiff Price filed suit against the Defendants for breach of contract. On November 22, 2004 the court issued a tentative summary judgement order in favor of Defendants. Shortly after this tentative ruling, Plaintiff agreed to enter into a Multistate Claim Reassessment Process with Defendant Unum. In compliance with the terms of the Reassessment, Plaintiff Price sought and received a Stay Order for the breach of contract suit.

On March 21, 2007, at the conclusion of the reassessment review, Defendant Unum found that Plaintiff Price was entitled to Long Term Disability benefits, issued checks to her for retroactive payment, and acknowledged her future entitlement. Additionally, Defendant Unum awarded Plaintiff Price's attorney more than $25,000 in fees. Plaintiff Price later presented a motion to this court, seeking additional attorney's fees. On August 12, 2008, the court denied Plaintiff Price's motion on the basis that Price was not a prevailing party in her ERISA action. The Court ruled that Price did not prevail simply because it issued a Stay Order following a tentative summary judgment order in favor of Unum.

Plaintiff Price then filed the present motion for a new trial and relief from a final order.

## II. LEGAL STANDARD

A new trial "may be granted . . . in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." Fed. R. Civ. P. 59(a)(2). "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." *Id*. In an action tried without a jury, a court may grant a motion for a new trial for the following reasons: "(1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978); *see also* Local R. 59-1. Granting a new trial is left to the sound discretion of the trial court. *See City Solutions, Inc. v. Clear Channel Comm'cns, Inc*., 365 F.3d 835,843 (9th Cir. 2004).

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing

of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

These grounds are further limited by the Local Rules. Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. Finally, the Local Rule states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

A court may set aside a judgment where the moving party establishes a proper ground for relief within the applicable time period. Federal Rule of Civil Procedure 60(b) lists the following as grounds for setting aside a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

In addition to the grounds for relief set forth in clauses (1) through (5), Rule 60(b)(6) allows the Court to relieve a party from final judgment or order for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The Supreme Court has interpreted this catch-all provision narrowly, requiring the party to show "extraordinary circumstances suggesting that the party was faultless in the delay." *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 393, 113 S. Ct. 1489 (1993) (internal quotations omitted). The Court explained that "[i]f a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." *Id.* Thus, although there is no time limitation for bringing a motion under Rule 60(b)(6), the standard for setting aside a judgement under this provision is much higher than that for Rule 60(b)(1). The moving party cannot show that she merely neglected to comply with court procedures; rather, she

must demonstrate that she was incapable of complying with such procedures.  *See id.*

## III. DISCUSSION

### A. Plaintiff's Motion for a new trial is denied because requirements of Federal Rule of Civil Procedure 59 are not met.

Plaintiff asserts that her attorney mistakenly attached the reassessment notice, sent by Defendant Unum to Plaintiff Price, to counsel's declaration instead of a request for judicial notice. Because of this mistake, Plaintiff alleges, the court failed to consider the reassessment notice and made an erroneous ruling.  The Plaintiff has failed to show, however, that this mistake rises to the level necessary to meet the requirement of Federal Rule of Civil Procedure 59.

Federal Rule of Civil Procedure 59 allows for the grant of a new trial in the event that a manifest error of law or fact has occurred.  Plaintiff's failure to attach the reassessment document to the correct portion of the motion for attorney's fee's can not properly be considered a mistake of law. Plaintiff, instead, proposes that this act lead to a mistake of fact.

Plaintiff asserts that attaching the reassessment document in the incorrect place resulted in the court failing to consider its meaning, in their August 12, 2008 denial of Plaintiff's motion for attorney fees.  This does not follow, however, as the Plaintiff discussed the reassessment letter within the motion and went so far as to quote the pieces Plaintiff believed demonstrated Plaintiff's position.  The inclusion of the important pieces of the reassessment letter in the motion for attorney's fees precludes the argument that the court was unaware of or failed to consider the effects of the reassessment letter on the proceedings.  Additionally, because the reassessment letter was discussed within the original motion, it does not constitute new evidence which would satisfy the requirements of Rule 59.

Furthermore, the Plaintiff has overestimated the value of the reassessment letter to her position. Plaintiff cites the portion of the reassessment letter which discusses attorney fee's as evidence that Defendant Unum should now be required to make such payment. The relevant portion of the reassessment letter states:

> As to any portion of a prior denial that is reversed or changed and you have agreed to withdraw the action as described above, the Unum Provident Companies will attempt to reach agreement with you regarding the payment of any reasonable attorney's fee to which you may be entitled under law, and if we are unable to reach such an agreement, you will not be prejudiced from pursuing such fees in a court of law.

Exhibit A, pg. 3.  This letter states that Defendant Unum will attempt to reach agreement with Plaintiff privately, but will not preclude the Plaintiff from suing if negotiations fail.  Plaintiff reaffirms this interpretation in the motion for attorney fees, in stating that Defendant Unum waived any procedural

defense that may block the Plaintiff from presenting a claim for attorney fees. Plaintiff goes on to suggest that it was then incorrect for the Court to deny the Plaintiff's previous motion for attorney fees, based on the procedural grounds that the Plaintiff was not a prevailing party.

Plaintiff is correct that Defendant Unum states, within the reassessment letter, that it will not prevent the Plaintiff from pursuing fees in court, but incorrectly extends this statement to an agreement to waive any defenses to a resulting suit. In accordance with the reassessment letter, Defendant Unum did not argue that Plaintiff was precluded, due to participation in the reassessment program, from bringing a claim for attorney fees. Plaintiff did bring such a claim, was heard on the matter, but did not prevail. Additionally, in accordance with the reassessment letter, Defendant Unum made an attempt to reach an agreement regarding the payment of reasonable fees and awarded Plaintiff's attorney over $25,000 for this purpose.

### A. Motion for a new trial is denied because requirements of Federal Rule of Civil Procedure 60 are not met.

Federal Rule of Civil Procedure 60, allows for reconsideration or relief from a judgement when mistake, surprise or excusable neglect has occurred. Additionally, Local Rule 7-18 states that reconsideration occurs only when a material difference in fact and law exists or new material is presented. Local Rule 7-18 further states that no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion. Although Plaintiff's incorrect attachment of the reassessment letter constitutes a mistake, this mistake does not reflect a material difference in fact or law. Additionally, as the reassessment letter was discussed and quoted within the Plaintiff's original motion, the reassessment letter does not constitute new evidence. Finally, because of these previous discussions involving the reassessment letter, Plaintiff's current argument repeats written arguments in the original motion.

Because Plaintiff has not alleged fraud or that the judgement is void or satisfied, the procedural requirements of Federal Rule of Civil Procedure 60 have not been met, and reconsideration or relief is improper.

## IV . DISPOSITION

Accordingly, for the reasons set forth above, the Court hereby DENIES Plaintiff Price's motion for a new trial and relief from a final order.

The Clerk shall serve this minute order on all parties to the action.